UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 23-cr-156 (4) (SRN/TNL)

---

United States of America,

        Plaintiff,

v.

Michael Allen Burrell,

        Defendant.

**DEFENDANT BURRELL'S MOTION TO DISMISS COUNT 2 FOR DUPLICITY OR, IN THE ALTERNATIVE, TO REQUIRE THE GOVERNMENT TO ELECT A SINGLE CHARGE**

---

Defendant Michael Allen Burrell, through his undersigned counsel, moves the Court, to dismiss Count 2 because that count alleges more than one crime and, therefore, is defective on the grounds of duplicity. "Federal Rule of Criminal Procedure 8(a) provides that the government may charge two or more connected offenses in the same indictment, as long as each is charged in a separate count." *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011). "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018)(quoting *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997)). "The problem with a duplicitous indictment is that 'the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense.'" *Paul*, 885 F.3d at 1104 (quoting *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994), *cert. denied*, 513 U.S. 1156 (1995)).

Count 2 in this case charges Defendant with both murder in aid of racketeering in violation of Minn. Stat. §§ 609.185(a)(1) and 609.05 and 18 U.S.C. § 1959(a)(1) (*see* Indictment, Count 2 at ¶ 3) and using and carrying a firearm in furtherance of murder (*id*. at ¶ 4) in violation of 18 U.S.C. §§ 924 (c)(1)(A), 1959(a)(1), 1111, 924(j) and 2. Because the acts described in paragraphs 3 and

4 of the indictment are separate and distinct offenses, joining them in a single count renders Count 2 duplicitous.

Courts have recognized at least four ways in which a duplicitous count prejudices a defendant. First, it fails to provide the defendant with adequate notice of the pending charges. *See United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985). Second, a duplicitous count can produce a record that is inadequate to allow a defendant to plead former jeopardy to a subsequent prosecution for the same offense. *United States v. Starks*, 515 F.2d 112, 116 (3rd Cir. 1975); *Kimberlin*, 781 F.2d at 1250. Third, a duplicitous count may prejudice the defendant with respect to evidentiary rulings during the trial, since evidence admissible on one offense might be inadmissible on the other. *Starks*, 515 F.2d at 116-17. Finally, a duplicitous indictment may lead to conviction based on a non-unanimous verdict as to one charge or the other. *Starks*, 515 F.2d at 117; *Kimberlin*, 781 F.2d at 1250.

The appropriate remedy for a duplicitous count is either dismissal of that count or requiring the government to elect to proceed with one of the charges contained in that count or the other. *Starks*, 515 F.2d at 117; see also *United States v. Sturdivant*, 244 F.3d 71,79 (2nd Cir. 2001)(appropriate remedy for duplicity is "having the government elect to proceed based upon only one of the distinct crimes included within a duplicitous count").

Under the present circumstances, the Court should either dismiss Count 2 in its entirety or, in the alternative, require the government to elect to proceed upon only one of the offenses alleged in either paragraph 3 or 4 of Count 2 of the indictment.

This motion is based on the indictment, all records and files in this action, and any other matters presented prior to or at the time of hearing of this motion.

|                        | Respectfully submitted, |
|---|---|
| Dated: August 7, 2023  | *s/Steven E. Wolter* <br> Steven E. Wolter, #170707 <br> Kelley, Wolter & Scott, P.A. <br> 431 S 7th Street, Suite 2530 <br> Minneapolis, MN 55415 <br> Phone: 612-371-9090 <br> Fax: 612-371-0574 <br> Email: swolter@kelleywolter.com <br><br> Attorney for Michael Allen Burrell |