UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO 23-156(5) (SRN/TLN)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff | ) | DEFENDANT |
| | ) | ANDREW NOBLE'S |
| | ) | UNOPPOSED MOTION FOR |
| v. | ) | SEVERANCE OF |
| | ) | DEFENDANTS |
| **ANDREW CALVIN NOBLE** | ) | |
| | ) | |
| Defendant. | ) | |

Andrew Calvin Noble, by his undersigned counsel, moves the Court pursuant to Rule 14 of the Federal Rules of Criminal Procedure for an order directing severance of his trial from co-defendants Solomon, Burrell and Holt. The grounds for this motion are as follows:

1. Mr. Noble is defendant number 5 in a six-count Indictment that includes three counts charging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO.") While the Government maintains Mr. Noble is associated with the "Minneapolis Bloods Enterprise" at the center of the RICO charges, it did not include him in either of the three RICO counts (Counts 1-3.) Instead, the Indictment charges him with conspiring with co-defendant Rice to distribute controlled substances (Count 4), and with possessing narcotics and a firearm on February 4, 2022. (Counts 5 and 6.) Mr. Rice has since plead guilty to a RICO count and none of remaining co-defendants are mentioned in counts 4 through 6.

1

2.     Prominent in the allegations in the RICO counts is that Mr. Noble's co-defendants were involved in multiple violent crimes and conspiracies to commit those crimes. The bulk of the voluminous disclosures the Government has made pertain to these allegations. It follows that the bulk of the Government's trial testimony and evidence will be devoted to proving the violent crimes at the center of Counts 1 through 3.

3.     Mr. Noble previously moved for severance pursuant to Fed. R. Crim P. 8(b) and reserved the right to move for severance under Fed. R. Crim. P. 14. (ECF No. 150.) Mr. Noble now moves, pursuant to Rule 14, for an order severing his trial from co-defendants Solomon, Burrell and Holt on the grounds that he would be substantially prejudiced if he were to go to trial with these co-defendants. The Government, and Mr. Noble's co-defendants, have advised they do not oppose severance.

4.     There is a preference in the federal system for joint trials of defendants who are indicted together. *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Joint trials "promote efficiency" and "play a vital role in the criminal justice system." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987)).

5.     Rule 14, however, gives a district court the discretion to sever the trial of jointly indicted defendants where joinder would result in unfair prejudice to a defendant:

> If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . ., the court may order separate trials of

counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

6. "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39 (1993) (citations omitted). Severance under Rule 14 should be granted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539.

7. A defendant meets the heavy burden of establishing a prejudicial joinder by showing that "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012) (quoting *United States v. Davis*, 534 F.3d 903, 916–17 (8th Cir. 2008)).

8. The quantity, complexity and depth of the evidence and testimony the Government will need to introduce to convict his co-defendants of Counts 1 - 3 creates a serious risk that the jury will be unable to make a reliable judgment about Mr. Noble's guilt or innocence. Specifically, the jury will not be able to compartmentalize the evidence, with the result that Mr. Noble will be unfairly prejudiced if he tried together with these co-defendants accused of violent offenses to which he has no connection. *United States v. Gomez*, 111 F.Supp.2d 571,574-75 (E.D. Pa. 2000) (The structure of the government's case, combined with the

seriousness of the conspiracy that has not been charged against Mr. Gomez, increases both the likelihood and the impact of guilt's being transferred to Mr. Gomez from his co-defendants, such that severance seems appropriate under Rule 14); *Zafiro*, 506 U.S. at 539 (When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened); *see also United States v. Bergrin*, No. CRIM. 09-369, 2011 WL 6779548, at *4 (D.N.J. Dec. 27, 2011) (severing multiple conspiracy counts in RICO case); *United States v. Jones*, No. CRIM. A. 91-570-01, 1992 WL 78784, at *3 (E.D. Pa. Mar. 24, 1992) (severing defendants in multiple conspiracy case).

## CONCLUSION

For the reasons stated above, Defendant Andrew Calvin Noble respectfully requests that the Court sever Mr. Noble's trial.

**JOHNSON & GREENBERG, PLLP**

Dated: July 11, 2024.

*s/Lee R. Johnson*
Lee R. Johnson #189935
5775 Wayzata Boulevard
Suite 700
St. Louis Park, MN 55416
(952) 545-1621

Attorney for Defendant
Andrew Calvin Noble