UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 23-cr-156-SRN-TNL

---

United States of America,

      Plaintff,

v.

Desean James Solomon,
Leontawan Lentez Holt, and
Michael Allen Burrell,

      Defendants.

**DEFENDANTS' JOINT OBJECTION TO SHACKLING DURING TRIAL**

---

Shortly before the recent pretrial conference, the Court informed counsel in chambers of its intent to place the defendants in leg shackles throughout the upcoming trial. Defendants, through their undersigned counsel, jointly object to any shackling on the grounds that the perceived need for heightened courtroom security, if substantiated, can be satisfied through less restrictive measures without jeopardizing their right to a fair trial.

Jury awareness of shackling a criminal defendant "undermines the presumption of innocence and the related fairness of the factfinding process" and diminishes the right of an accused to secure a meaningful defense. *Deck v. Missouri*, 544 U.S. 622, 629, 125 S.Ct. 2007, 2012, 161 L.Ed.2d 953 (2005), *abrogated on other grounds* by *Fry v. Pliler*, 551 U.S. 112, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007); *see also Illinois v. Allen*, 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)(emphasizing the prejudicial effect of shackling, while noting "[n]ot only is it possible that the sight of shackles . . . might have a significant effect on the jury's feelings about the defendant, but the use of this technique is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold.").

Consistent with the presumption of innocence, a defendant has a right to appear in front of a jury free from physical restraints, as such restraints pose a danger, *inter alia*, that the jury will view the defendant as both dangerous and guilty. *See Hall v. Luebbers*, 296 F.3d 685 (8th Cir.2002), *cert. denied*, 539 U.S. 911 (2003). As *Hall* explains, the "two main constitutional concerns about the use of shackles during a trial" are "that they could impede a defendant's ability to participate and could suggest that the defendant is guilty." *Id*. at 698.

The Eighth Circuit has found the use of shackles to be "'inherently prejudicial' because they are 'unmistakable indications of the need to separate a defendant from the community at large.'" *Hall*, 296 F.3d at 698 (quoting *Holbrook v. Flynn*, 475 U.S. 560, 568-69, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986)). Thus, such security measures must be given "close judicial scrutiny." *Hellum v. Warden, U.S. Penitentiary-Leavenworth*, 28 F.3d 903, 907 (8th Cir.1994).

Notwithstanding these constitutionally based considerations, a defendant's right to participate in the trial unrestrained is not absolute. In limited circumstances, a court may order the defendant restrained when justified by a government interest specific to the trial. *Deck v. Missouri*, 544 U.S. at 629. As a rule, because they are regarded as an extreme measure, leg restraints or shackles should be employed "only in the presence of a special need," as specifically found be the Court based on the individual facts of the case at bar. *Id*. at 626. To demonstrate such a need, it must be shown that restraints are necessary to maintain physical security in the courtroom, to prevent escape, or to preserve courtroom decorum. *Id*. at 628. The determination requires balancing "the possibility of prejudice against the need to maintain order in the courtroom and custody over incarcerated persons." *United States v. Stewart*, 20 F.3d 911, 915 (8th Cir.1994) (finding the district court justified in ordering restraints where, in addition to his overall disruptive behavior, the defendant was on trial

for the courtroom assault of a witness in an unrelated matter). No such legal basis has been shown to exist here.

The crimes alleged against defendants while undeniably serious do not, in and of themselves, justify shackling. Nor is there evidence of prior angry interactions with the Court, courtroom personnel or the U.S. Marshals charged with prisoner transport and security. Likewise, defendants come before the Court with no history of escape from custody or attempted escape. Finally, there is no evidence that shackling is necessary as the least restrictive means to achieve courtroom safety.

The Court has proposed using table skirts or curtains around the defense tables in an attempt to conceal the defendants' shackles from the jury's view. While the "inherent prejudice" of leg shackles noted above can be somewhat ameliorated through such means, it is unreasonable to expect that the jury will not detect the shackles at some point during a jury trial expected to last between one and two months, with the defendants constantly rising and sitting for the jury and otherwise being required to remain sufficiently still to avoid all clanking noises or other audible sounds emanating from the chains and other metal components of their leg restraints. When this happens, it will pose an unacceptable threat to each defendant's right to a fair trial.

In conclusion, Counsel respectfully requests that the Court refrain from ordering leg shackles be placed on the defendants throughout the upcoming trial absent a compelling showing that such measures are both absolutely necessary and the least restrictive means of maintaining physical security in the courtroom, preventing escape, or preserving courtroom decorum.

                                                          Respectfully submitted,

Dated: July 26, 2024                s/Thomas C. Plunkett
                                                 Thomas C. Plunkett, # 260162
                                                 101 East Fifth Street
                                               Suite 1500
                                             St. Paul, MN 55101
                                             Phone: 651-222-4357
                                             Fax: 651-297-6134
                                             Email: tcp@tp4justice.com

                                             Attorney for Desean James Solomon

                                             s/F. Clayton Tyler
                                             s/Karen E. Mohrlant
                                             F. Clayton Tyler, #11151X
                                             Karen E. Mohrlant, #388093
                                             331 Second Ave S, Suite 230
                                             Minneapolis, MN 55401
                                             Phone: 612-333-7309
                                             Fax:    612-333-5919
                                             Email: fctyler@fctyler.com
                                                       karen@fctyler.com

                                             Attorneys for Leontawan Lentez Holt

                                             s/Steven E. Wolter
                                             Steven E. Wolter, #170707
                                             431 S 7th Street, Suite 2530
                                             Minneapolis, MN 55415
                                             Phone: 612-371-9090
                                             Fax: 612-371-0574
                                             Email: swolter@kelleywolter.com

                                             Attorney for Michael Allen Burrell