**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
*Criminal No.: 23-CR-156(1)(SRN/TNL)*

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>VS. )<br>)<br>DESEAN JAMES SOLOMON, )<br>LEONTAWAN LENTEZ HOLT, AND )<br>MICHAEL ALLEN BURRELL, )<br>)<br>)<br>DEFENDANTS. | **DEFENDANT'S JOINT OBJECTION TO AN ANONYMOUS JURY** |

On July 17, 2024 this matter came before the Court for pretrial. Among the matters discussed was the possibility of relying on an anonymous jury in the trial. The Court indicated the possibility that no person would be allowed access to any identifying or demographic information regarding jurors. The defendants, through Counsel, object to an anonymous jury.

In general, a court should not order an anonymous jury without (a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir.1991), cert. denied, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992). In *United States v. Ross*, 33 F.3d 1507, 1520 (11th Cir. 1994), the Eleventh Circuit summarized its review of the case law concerning this issue, stating:

> Sufficient reason for empaneling an anonymous jury has been found to exist upon a showing of some combination of several factors, including:
>
> (1) the defendant's involvement in organized crime, (2) the defendant's participation in a group with the capacity to harm jurors, (3) the defendant's past attempts to interfere with the judicial process, (4) the potential that, if convicted, the defendant will suffer a lengthy incarceration and substantial monetary penalties, and (5) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation or harassment.

In adopting the *Ross* analysis, the Eighth Circuit explained: "Several cases have approved the use of an anonymous jury because of the presence of some combination of these factors." *United States v. Darden*, 70 F.3d 1507, 1532 (8th Cir. 1995) *See United States v. Edmond*, 52 F.3d 1080, 1091 (D.C. Cir. 1995) (finding four of the *Ross* factors applied); *Ross*, 33 F.3d at 1520-21 (finding three factors applied, including ordering the death of a potential witness); *United States v. Crockett*, 979 F.2d 1204, 1216 (7th Cir. 1992) (finding a number of factors justified an anonymous jury, including the murder of a potential witness who was cooperating with the government and evidence of threats and intimidation against witnesses); *United States v. Paccione*, 949 F.2d 1183, 1192-93 (2d Cir. 1991) (finding a number of factors, including the murder of a named defendant and threat made to a known government witness).

In *Darden*, all five of the factors were present. *See Darden* at 1532. The *Darden* decision explained that each of the nine defendants was charged with participating in an extraordinarily violent organized criminal enterprise. The enterprise had many members and associates who remained at large throughout the trial. The enterprise had an extensive history of conflict with the criminal justice system, including the intimidation and murder of government witnesses. Several of the defendants had criminal records

including convictions for violent crimes such as armed robbery, rape, and murder. All the defendants faced possible sentences of life in prison. The case was so highly publicized in St. Louis that some defendants filed motions for a change of venue. *Id.*

While it is true a federal jury in Minnesota was recently tampered with, there are no similarities between that case and *Solomon et al*. *See (United States v. Farah et al, 24-cr-00173-DSD-TNL) Farah* involved a multi-million-dollar fraud scheme with many complexities, the participants who went to trial in that matter were all out of custody and the tampering was complex involving surveillance, GPS tracking and access to approximately $200,000.00. *Id.* In the present case the defendants are indigent and in custody. Nothing in the facts alleged in the indictment suggests any degree of sophistication. While violence is present, it is sporadic and not purposeful, like the actions of the actors in a fraud case. It is not clear that the defendants are involved in organized crime although that is the allegation. It is unfair to characterize the codefendants as participants in a group with the capacity to harm jurors simply because they directed violence at persons in their community. While it is true there are supported allegations of violence in the instant case, the violence does not appear to be channeled in any particular way, but simply erupts spontaneously. The codefendants are not alleged to be sophisticated in technology as in the *Farah* case. The codefendants do not have relevant past attempts to interfere with the judicial process that counsel is presently familiar with, although the bare allegation has been alluded to by the Government. All defendants are faced with life terms in prison, but that is only one factor. Perhaps most importantly, there has been minimal pretrial publicity that could enhance the possibility

that jurors' names would become public and expose them to intimidation or harassment. Importantly *Darden* relied heavily on the enterprise extensive history of conflict with the criminal justice system, including the intimidation and murder of government witnesses. The Government may debate acts of intimidation, but Counsel is not aware of a government witness that has been threatened, assaulted, or murdered. *See Darden* at 1533.

In the instant case, impaneling an anonymous jury is an extraordinary and unnecessarily cautious measure given the above factors. The decision to impanel an anonymous jury is significant as it impacts the Sixth Amendment right to trial by an impartial jury. *Edmond*, 52 F.3d at 1090, 1094. *Edmond* explained that the decision to impanel an anonymous jury requires a court to "balance the defendant's interest in conducting meaningful *voir dire* and in maintaining the presumption of innocence, against the jury member's interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict." *Id*. at 1090 (Citing (*United States v. Amuso*, 21 F.3d 1251, 1264 (2d Cir.), cert. denied, 115 S.Ct. 326, 130 L.Ed.2d 286 (1994)).

Simply put, there is not a there is-strong reason to believe the jury needs protection in this case. And in the absence of a strong reason to believe the jury needs protection, the empaneling of an anonymous jury violates the defendants' rights pursuant to the Sixth Amendment.

Respectfully submitted,

Dated: July 26, 2024    /s/ Thomas C. Plunkett
Thomas C. Plunkett
Attorney No. 260162
Attorney for Defendant
101 East Fifth Street
Suite 1500
St. Paul, MN 55101
Phone: (651) 222-4357
Fax: (651) 297-6134
Email: tcp@tp4justice.com

Attorney for Desean James Solomon

s/F. Clayton Tyler
s/Karen E. Mohrlant
F. Clayton Tyler, #11151X
Karen E. Mohrlant, #388093
331 Second Ave S, Suite 230
Minneapolis, MN 55401
Phone: 612-333-7309
Fax: 612-333-5919
Email: fctyler@fctyler.com
kmohrlant@fctyler.com

Attorneys for Leontawan Lentez Holt

s/Steven E. Wolter
Steven E. Wolter, #170707
Kelley, Wolter & Scott, P.A.
431 S 7th Street, Suite 2530
Minneapolis, MN 55415
Phone: 612-371-9090
Fax: 612-371-0574
Email: swolter@kelleywolter.com

Attorney for Michael Allen Burrell