**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
*Criminal No.: 23-CR-156(1)(SRN/TNL)*

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DESEAN JAMES SOLOMON, )<br>)<br>Defendant. )<br>)<br>) | **DEFENDANT SOLOMON'S TRIAL BRIEF** |

The Court's Amended Trial Notice and Final Pretrial Order (Docket 220) directs that the parties file a trial brief addressing specific issues.

1. Trial Counsel:

    a. Thomas C. Plunkett
       101 East Fifth Street
       Suite 1500
       St. Paul, MN 55101
       651-222-4357
       tcp@tp4justice.com

2. The defense anticipates that this trial, including jury selection and charge will require no more than 5 weeks.

3. Unresolved Issues:

    **a. Closure:**

    A joint defense objection to closure has been filed. (ECF 247). The objection outlines the Defendants' strong concerns about receiving a trial that comports with the Constitutional mandates of the First Amendment to the United States Constitution.

b. **Anonymous Jury:**

A joint defense objection has been filed. (ECF 246). As explained in the Defense objection, the foundational support for an anonymous jury has not been shown. A citizen's right to a trial by jury is a central feature of the United States Constitution. It is considered a fundamental principle of the American legal system. The Defendants are concerned with the message this practice sends to the jury. Counsel notes that this fundamental right itself is mentioned five times in the Constitution: Once in the original text (Article III, Section 2) and four times in the Bill of Rights (in the Fifth, the Sixth, and the Seventh Amendments).

c. **Shackling:**

A joint defense objection has been filed. (ECF 245) Mr. Solomon respectfully argues that shackling, in addition to offering an incriminating picture to the jury, is dehumanizing. To date, Counsel is not aware of any conduct by any of the 3 defendants that has been an afront to the in-court proceedings. All persons indicted have seen the inside of a courtroom on several occasions, and Counsel is not aware of any defendant having a history of outbursts or conduct that is an afront to the dignity of any tribunal.

d. **Access to Jury Questionnaires:**

A joint defense motion has been filed. (ECF 248) Counsel for the Defense is very appreciative of the Court's willingness to examine an expanded jury questionnaire. This practice gives lend to the efficiency and purpose of jury selection. The jury questionnaire will better promote efficient jury and effective jury selection if the parties.

4.     Mr. Solomon has filed the following Motions In Limine:

    **a. Sequestration (ECF 249):**

The Government will file a joint sequestration motion. Mr. Solomon's sequestration motion is not intended to oppose the government's position. Mr. Solomon simply seeks to make his position on sequestration clear.

    **b. Advance Notice of Witnesses (ECF 250):**

Mr. Solomon seeks disclosure of the names of witnesses prior to close of business the day before they are called to the stand. Defendants in a criminal case have a right to effective counsel. In the interest of promoting a fair and efficient trial, Counsel has sought a Court order directing the names of witnesses to be provided the day before their testimony. Counsel seeks to prevent needless delay during trial and allow each attorney to be prepared to address the Court prior to witness testimony.

    **c. Exclude or Restrict Undisclosed Expert Witnesses (ECF 251):**

Mr. Solomon has filed a motion in limine seeking to prevent a blunderbuss of experts being discharged unexpectedly in the courtroom. This motion will add to fairness in the presentation of evidence. The relief sought in this motion is what the rules cited anticipates.

    **d. Prohibit Reference to Hennepin County Murder Conviction (ECF 252):**

Mr. Solomon has filed a motion seeking to prohibit reference to his Hennepin County murder conviction. As noted in the motions in limine, reference to this would be inherently unfair. Referencing the Hennepin County murder conviction would essentially relieve the Government of their burden of proof to their elements of offense. Moreover, it

would confuse the jury who is called upon to apply the facts to the law and render a fair verdict.

### e. Prohibit Opinions Regarding Character (ECF 253):

Mr. Solomon has filed a motion in limine seeking to prohibit character evidence in the form of hearsay opinion and non-hearsay. Allowing character evidence is unfair as it paints Mr. Solomon in a negative light, cannot be confronted and forces him to waive his right not to testify simply to confront information not directly related to guilt or innocence. As such Mr. Solomon respectfully asks this Court to prohibit Character evidence

### f. Prohibit Testimony of Prior Contacts (ECF 254):

The power and influence of a testifying officer should not be underestimated. Allowing an officer to testify about prior contacts is essentially a serious of 404 (b) evidence that is largely uncomfortable as there is no documentation, other than the officer's recollection. This places Mr. Solomon in a position where he is reduced to being "the usual suspect" allowing the jury to convict him based on the officers unconfronted observations.

Respectfully submitted,

Dated: July 26, 2024      /s/ Thomas C. Plunkett
Thomas C. Plunkett
Attorney No. 260162
Attorney for Defendant
101 East Fifth Street
Suite 1500
St. Paul, MN 55101
Phone: (651) 222-4357
Fax: (651) 297-6134
Email: tcp@tp4justice.com