UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-156 (SRN/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DESEAN JAMES SOLOMON (1) | ) |
| a.k.a. Black | ) **GOVERNMENT'S** |
| LEONTAWAN LENTEZ HOLT (3) | ) **MOTIONS IN LIMINE** |
| a.k.a. Shotta, a.k.a. Shot Dog, | ) |
| a.k.a. Leon | ) |
| MICHAEL ALLEN BURRELL (4) | ) |
| a.k.a. Skitz | ) |

The United States of America by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorneys Esther Soria Mignanelli and Raphael B. Coburn, hereby respectfully moves the Court in limine as follows:

1.     The United States moves for a pretrial ruling granting the United States permission to offer evidence of the uncharged 2019-2020 acts of violence, and gun and drug possessions (discussed in the Government's Trial Brief at §§ III(a)(1)(i) through III(a)(1)(v)).  The admissibility of this evidence is addressed in the Government's Trial Brief at § IV.d.

2.     The United States moves for a pretrial ruling granting the United States permission to offer into evidence statements made by co-conspirators

during and in furtherance of the charged conspiracy. The admissibility of this evidence is addressed in the Government's Trial Brief at § IV.e.

3. The United States moves to preclude the defendants or their counsel, in the presence of the jury, from offering or referring in any way to a self-defense theory unless and until an evidentiary proffer is made and the Court rules such proffer is sufficient under Minnesota Law. The basis for this relief is addressed in the Government's Trial Brief at § IV.f.

4. The United States moves for a pretrial ruling granting the United States permission to offer into evidence certain YouTube videos as evidence of Defendant Holt's knowledge of the enterprise charged and Defendant Holt's membership within it. The admissibility of this evidence is addressed in the Government's Trial Brief at § IV.g.

5. The United States moves for a pretrial ruling granting the United States permission to offer into evidence certain Defendants' tattoos as evidence of the Defendants' knowledge of the enterprise charged and membership within it. The basis for this relief is addressed in the Government's Trial Brief at § IV.h.

6. The United States moves for a pretrial ruling granting the United States permission to offer into evidence Cooperating Co-Conspirator Plea Agreements. The basis for this relief is addressed in the Government's Trial Brief at § IV.i.

7. The United States moves for a pretrial ruling granting the United States permission to offer into evidence Certified Records of Defendants' convictions related to overt acts alleged to have been done in furtherance of the charged enterprise. The basis for this relief is addressed in the Government's Trial Brief at § IV.j.

8. The United States moves for a pretrial ruling granting the United States permission to introduce prior felony convictions for purposes of impeachment, pursuant to Federal Rule of Evidence 609(a)(1)(B), if Defendant Solomon elects to testify. The basis for this relief is addressed in the Government's Trial Brief at § IV.k.

9. The United States moves for a pretrial ruling granting the United States permission to introduce prior felony convictions for purposes of impeachment, pursuant to Federal Rule of Evidence 609(a)(1)(B), if Defendant Holt elects to testify. The basis for this relief is addressed in the Government's Trial Brief at § IV.l.

10. The United States moves for a pretrial ruling granting the United States permission to introduce prior felony convictions for purposes of impeachment, pursuant to Federal Rule of Evidence 609(a)(1)(B), if Defendant Burrell elects to testify. The basis for this relief is addressed in the Government's Trial Brief at § IV.m.

11. The United States requests that the Court issue an order

sequestering witnesses during trial. The basis for this request is addressed in the Government's Unopposed Motion in Limine No. 11.

12.     The United States moves to preclude any Defendant or their counsel, in the presence of the jury, from offering or referring in any way to his own hearsay statements at trial during cross-examination or during their case-in-chief.  *See United States v. Hughes*, 535 F.3d 880, 882 (8th Cir. 2008) (affirming the district court's exclusion of the defendant's attempts to introduce his own hearsay statements, rejecting the defendant's arguments that those statements were admissible as statements against self-interest, statements of an unavailable witness, or subject to the residual hearsay exception of Fed. R. Evid. 807).

13.     The United States moves the Court to preclude any Defendant from offering evidence under Fed. R. Evid. 404, 608, and 609 without first providing a basis for inquiry of any alleged bad act or other crime committed by a witness (including law enforcement witnesses) and an opportunity for the government to be heard on its admissibility.  This motion specifically seeks to limit cross-examination of any witness regarding prior convictions to what is admissible under Fed. R. Evid. 609.  Accordingly, unless a Defendant makes such motion regarding information within its possession, either disclosed by the government or otherwise, the government moves that the Court preclude such Defendant from offering such evidence.

14. The United States moves to preclude the defendant or his counsel, in the presence of the jury, from mentioning or referring to the potential punishment the defendant may face if convicted. *See, e.g.*, *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"); *United States v. Fenner*, 600 F.3d 1014, 1023 n.7 (8th Cir. 2010) ("We agree with the Government that any reference to sentencing would have been improper.").

15. The United States moves to preclude the defendant or his counsel from pursuing lines of inquiry designed to elicit jury nullification and from suggesting to the jury that it decide this case on anything other than the evidence and the law as provided by the Court in its instructions. *See United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

17. The United States moves to preclude the Defendant or their counsel from introducing at trial (through testimony or argument or questioning) reference to national or local controversies regarding use of force by police officers, beyond the bounds of the fact of the murder of George Floyd (given the charged enterprise's territory envelops George Floyd Square, as further discussed in the government's Trial Brief). Relatedly, the United States moves to preclude the defendant or his counsel from pursuing lines of inquiry stemming from unrelated alleged misconduct by officers. Evidence of misconduct of officers unrelated to the present case is irrelevant and risks suggesting to the jury it should reach a verdict on an improper basis. Given the understandably intense feelings of much of the public about this matter, it is likewise barred by Fed. R. Evid. 403.

"Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation." *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998). A defendant may not put the government on trial by arguing that they have committed misconduct when, as here, he does not make any connection between the allegedly "shoddy" or "slanted" investigation and any evidence introduced at trial. *Id.*; *see also United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994).

The only basis for admissibility of this type of evidence is if it casts doubt on or "undercuts" a piece of evidence admitted by the government. *Id.* The defendant must create a "requisite connection between the allegedly 'shoddy' or 'slanted' investigation and any evidence introduced at trial." *Id.*; s*ee also United States v. Patrick*, 248 F.3d 11, 22 (1st Cir. 2001) ("Merely showing that an investigation is sloppy does not establish relevance."); *United States v. Zaccaria*, 240 F.3d 75, 81 (1st Cir. 2001) ("In the absence of a particularized showing that the government was not turning square corners, the district court acted well within its discretion in refusing to let defense counsel embark on a fishing expedition.").

Even if the allegations of police misconduct had some minimal probative value, the evidence should be excluded under Fed. R. Evid. 403 because of the danger of unfair prejudice and jury confusion: "Such speculative evidence of the inadequacy of the police investigation would have shifted the jury's focus from the accusations against [the defendant] to accusations against the police, thus creating a real danger of unfair prejudice and jury confusion that 'substantially outweighed' the evidence's probative value." *Patrick*, 240 F.3d at 23; *see also Zaccaria*, 240 F.3d at 81 ("The substantial likelihood of unfair prejudice associated with this line of questioning, combined with the speculative nature of the appellant's bias theory, convinces us that foreclosing the inquiry entailed no abuse of discretion."); *McVeigh*, 153 F.3d at 1192 ("To

7

have allowed McVeigh to put the government on trial because there might have been something more the government perhaps could have done . . . would inevitably divert the jury's attention from the issues of the trial.").

19. The United States moves to preclude the Defendant or his counsel, in the presence of the jury, from improperly presenting questions, evidence, references, or arguments concerning the procedural history of this case, including any discovery disputes. Such arguments or suggestions are irrelevant under Fed. R. Evid. 401 refer only to potential issues of law not for the jury's consideration but for the Court's.

Dated: July 26, 2024                                  Respectfully Submitted,

                                                      ANDREW M. LUGER
                                                      United States Attorney

                                                      *s/ Esther Soria Mignanelli*
                                                      BY: ESTHER SORIA MIGNANELLI
                                                      BY: KRISTIAN WEIR
                                                      BY: CAMPBELL WARNER
                                                      Assistant U.S. Attorneys